# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KYLEE M. ENGLE,**

    Plaintiff,

v.                                                    Case No.: _____

**USHEALTH ADVISORS, LLC and
EMPIRE HEALTHCARE SOLUTIONS,
LLC,**

    Defendants.

_____/

## **DEFENDANTS' NOTICE OF AND PETITION FOR REMOVAL**

Defendants, USHEALTH ADVISORS, LLC and EMPIRE HEALTHCARE SOLUTIONS, LLC ("Defendants"), in accordance with Title 28 of the United States Code §§ 1331, 1441(a) and 1446, the applicable Federal Rules of Civil Procedure and Rule 1.06 of the Local Rules of the United States District Court for the Middle District of Florida, files this Notice of and Petition for Removal of the civil action filed by Plaintiff, Kylee M. Engle ("Plaintiff") in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida (Case No. 2022-CA-003817) to the U.S. District Court for the Middle District of Florida. The removal is based on a federal question at issue in the case. The specific grounds for removal of this civil action are set forth below.

## Introduction

Plaintiff initiated this civil action in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, under the name and style, *Kylee M. Engle v. Empire Healthcare Solutions LLC and USHEALTH Advisors, LLC* (hereinafter the "Circuit Court Case") on or about May 9, 2022. The Circuit Court Case was assigned Case No. 2022-CA-003817. A true and correct copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the Circuit Court Case are attached as **Composite Exhibit "A"** and are incorporated herein by reference.

## Timeliness of Removal

Plaintiff served Defendant US Health Group on May 31, 2022 and Defendant Empire Healthcare Solutions on June 3, 2022. Defendants filed this notice of removal within thirty (30) days of service of Plaintiff's Complaint as required under 28 U.S.C. Section 1446(b) and *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (holding thirty-day removal period begins to run when the Defendant is formally served).

## Federal Question

Plaintiff's Complaint seeks relief for a violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). This action is

removable to federal court pursuant to 28 U.S.C. Section 1441(a) because it could have been filed originally in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. Section 1331. Specifically, jurisdiction under 28 U.S.C. Section 1331 exists because a federal question appears "on the face of the plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Included within **Composite Exhibit "A"** is a true and correct copy of the complaint served upon Defendants.

## Judicial District

The Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida is located within the United States District Court for the Middle District of Florida, Tampa Division. Thus, venue is proper in this Court because it is "the district and division embracing the place where the action is pending," 28 U.S.C. § 1441(a), and removal to this Court is proper pursuant to 28 U.S.C. § 1446(a).

## Filing of Removal Papers

Pursuant to 28 U.S.C. Section 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Hillsborough County, Florida, a copy of which is attached hereto as **Exhibit "B."**

## Conclusion

Removal is appropriate under 28 U.S.C. Section 1331 because this action could have been filed originally in this Court pursuant to federal question jurisdiction. This notice of removal is filed within thirty (30) days after service of Plaintiff's Complaint. Accordingly, this action currently pending in the Circuit Court in and for Hillsborough County, Florida should be removed to the United States District Court for the Middle District of Florida, Tampa Division, and this court should assume full jurisdiction of the case as provided by law.

DATED this 29th day of June, 2022.

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Tasos C. Paindiris*
**TASOS C. PAINDIRIS, ESQ.**
**Lead Counsel**
Florida Bar No.: 0041806
E-mail: tasos.paindiris@jacksonlewis.com
E-mail: alicia.franchino@jacksonlewis.com
E-mail: OrlandoDocketing@jacksonlewis.com
390 North Orange Avenue
Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

**RYAN J. SOSCIA, ESQ.**
Florida Bar No. 1031736

E-mail: ryan.soscia@jacksonlewis.com
E-mail: denise.dawson@jacksonlewis.com
E-mail: TampaDocketing@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone: (813) 512-3210
Facsimile: (813) 512-3211

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of June 2022, I filed *Defendants' Notice of Removal* with the Clerk of Court, United States Middle District of Florida – Tampa Division, via the CM/ECF filing system which will send an electronic notice to counsel of record: Christopher J. Saba, Esq. (csaba@wfclaw.com and tsoriano@wfclaw.com), Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602.

*/s/ Tasos C. Paindiris*
Attorney

4859-3402-0134, v. 1

4859-3402-0134, v. 1

5